IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff, | § § | |
| v. | § § | 1:18-cr-341(1)-RP |
| (1) HECTOR VASQUEZ-RAMIREZ, | § § | |
| Defendant. | § § | |

## ORDER

Before the Court are Edmundo Espinoza's ("Movant") motions to withdraw as counsel for Hector Vasquez-Ramirez, (Dkt. 698, 701); Movant's supplement to his first motion to withdraw, (Dkt. 699); and Movant's motion for leave to file under seal, (Dkt. 703).

## I. BACKGROUND

The Court first learned of Movant's desire to withdraw during a court conference on June 23, 2020. (*See* Dkt. 697). The Court held the conference to, among other things, inquire of Movant why he treated courthouse staff disrespectfully, including hanging up on a court employee, and ignored their filing instructions. (*See* Mot. Withdraw, Dkt. 701, at 1–2) ("To this counsel's surprise, this Court wanted to question counsel on the reasons why counsel was rude to one of his clerks, or court clerks . . . ."). Movant made an oral motion during that conference to withdraw as counsel for his client, which the Court denied. (*See id.* at 2). Movant stated he would file a written motion making the same request. (*See id.*). Two days later, on June 25, 2020, Movant filed his first motion to withdraw. (Dkt. 698). Movant filed a supplement to his motion on June 29, 2020. (Dkt. 699).

About a month later, Movant filed another motion to withdraw as counsel on August 14, 2020. (Dkt. 701). In that second motion to withdraw, Movant claimed that it was "abundantly clear

that this Court ignored this counsel's formal motion to withdraw." (*Id.* at 2). Movant stated that he was "moving this Court to issue a formal response stating its legal and factual grounds if the Court will deny the motion" and "requested that this Court issue any order it wishes, as long as it conforms to the above [Federal Rule of Appellate Procedure] 21 requirements." (*Id.* at 3). Federal Rule of Appellate Procedure lays out the rules governing writs of mandamus. Fed. R. App. P. 21. Movant also attached a copy of Federal Rule of Appellate Procedure to his motion as an exhibit. (Text of Mandamus Rule, Dkt. 701-1).

A few days later, on August 18, 2020, the Court entered an order requiring Movant to submit additional information, specifically documentation to substantiate his claim of time spent on this case. (Order, Dkt. 702). The Court requested that Movant submit that information with a declaration certifying its accuracy and completeness. (*Id.*). In response, Movant filed a motion for leave to file his reply under seal, (Dkt. 703), because the reply, (Dkt. 704), contained privileged communications.[1]

## II. ANALYSIS

"An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989). "The withdrawing attorney bears the burden of proving the existence of good cause for withdrawal." *Rabin v. McClain*, No. SA-10-CV-981-XR, 2011 WL 3793939, at *1 (W.D. Tex. Aug. 25, 2011). "'[I]n assessing whether counsel has good cause to resign, federal courts look to multiple factors,' paramount among those factors 'are considerations of undue delay in the proceedings, prejudice to the client, and the interests of justice.'" *Id.* (quoting *Dorsey v. Portfolio Equities, Inc.*, No.

---

[1] The Court will grant Movant's motion for leave to file his reply under seal finding that the public's right to access judicial records is outweighed by Hector Vasquez-Ramirez's right to maintain the confidentiality of his communications with his attorney.

3:04-CV-0472-B, 2008 WL 4414526, at *2 (N.D. Tex. Sept. 29, 2008)). "The record must generally reflect an appropriate basis for granting leave; unsubstantiated claims are insufficient." *F.T.C. v. Itellipay, Inc.*, 828 F. Supp. 33, 33 (S.D. Tex. 1993). The decision of whether to permit withdrawal lies within the sound discretion of the court. *Wynn*, 889 F.2d at 646.

In the Western District of Texas, there are three additional requirements for a motion to withdraw: (1) the attorney seeking to withdraw from a case must file a motion specifying the reasons for withdrawal and providing the name and office address of the successor attorney; (2) if the successor attorney is not known, the motion must set forth the client's name, address, and telephone number; and (3) the motion must bear either the client's signature or a detailed explanation as to why the client's signature could not be obtained after due diligence. W.D. Tex. Loc. R. AT-3.

In its discretion and despite Movant's changing explanations of his work on behalf of his client, the Court finds that Movant has shown good cause to withdraw as counsel from this case. The Court also finds that Movant has satisfied the additional requirements of the Local Rules of the United States District Court for the Western District of Texas. *See* W.D. Tex. Loc. R. AT-3. In doing so, the Court makes these additional findings:

> 1. Movant was disrespectful to employees of the Western District of Texas and ignored their filing instructions;
>
> 2. Movant repeatedly used an inappropriate tone in his oral and written communications with the Court, including making a veiled threat of mandamus if the Court did not rule in Movant's favor; and
>
> 3. Movant shared sensitive and privileged and confidential communications with his client in a cavalier manner, failing to redact portions of those communications that were not relevant to his motions to withdraw as counsel. The Court cautions Movant that disclosing unredacted client communications to the Court and the government—even under seal—could be prejudicial to his client.

**IT IS ORDERED** that Movant's motions to withdraw as counsel for Hector Vasquez-Ramirez, (Dkt. 698, 701), are **GRANTED**.

**IT IS FURTHER ORDERED** that Movant's motion for leave to file under seal, (Dkt. 703), is **GRANTED**. The Court **DIRECTS** the Clerk of the Court to retain the motion, (Dkt. 704), and its attachments under seal until further order by the Court.

**SIGNED** on September 17, 2020.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE